Dominic Valerian (SBN 240001)
dominic@valerian.law
Xinying Valerian (SBN 254890)
xinying@valerian.law
VALERIAN LAW, P.C.
1530 Solano Ave
Albany, CA 94707
Phone:  510.567.4632

Alexander Darr (*pro hac vice* motion forthcoming)
Darr@Darr.Law
DARR LAW LLC
1391 W. 5th Ave., Ste. 313
Columbus, OH 43212
Phone: 312.857.3277

Attorneys for Plaintiff  Jeffrey Needleman

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY NEEDLEMAN,<br><br>             Plaintiff,<br>       v.<br><br>THE GOLDEN 1 CREDIT UNION, and DOES 1-100, inclusive,<br><br>             Defendants. | Case No.<br><br>**COMPLAINT**<br><br>CLASS ACTION<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Jeffrey Needleman, individually and on behalf of all others similarly situated, alleges as follows:

**Introduction**

1. Plaintiff brings this class action against Defendant The Golden 1 Credit Union ("Golden 1" or "Defendant") for violating the Equal Credit Opportunity Act (the "ECOA"), 15 U.S.C. § 1691 *et seq*. The ECOA entitles credit applicants against whom adverse action is taken to a notice that includes, *inter alia*, a statement of reasons for such action from the creditor. 15 U.S.C. § 1691(d). To satisfy this mandate, a creditor must provide a written notice that includes the specific reasons for the adverse action or states that the applicant has the right to a statement of reasons. 15 U.S.C. § 1691(d)(2) and (3).

2. Defendant took an adverse action against Plaintiff and class members by closing their credit card accounts, but failed to provide them with the requisite written notice. Indeed, Defendant failed to send any written notice to Plaintiff or class members notifying them of their account closures except in response to customer inquiries.

3. Plaintiff and the class seek statutory punitive damages of up to $500,000, a halt to Defendant's unlawful practices, and attorneys' fees and costs.

4. The allegations herein that relate to Plaintiff's personal actions are made based on Plaintiff's personal knowledge. The balance are made on information and belief based on the investigation of counsel.

**Parties**

5. Plaintiff Jeffrey Needleman is, and at all relevant times was, a citizen of Monterey County, California.

6. Defendant Golden 1 is a Federal Credit Union with its headquarters in Sacramento, California. Defendant provides banking services to consumers throughout California.

7. Plaintiff is unaware of the true identities of those Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues such Defendants by fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the injuries alleged by Plaintiff. Plaintiff will seek leave of Court

to amend this Complaint to show the true names and capacities of the fictitiously named Defendants if and when they have been ascertained.

## Jurisdiction

8. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the Complaint alleges a federal claim against Defendant for violation of the ECOA.

9. This Court has personal jurisdiction over Defendant because Defendant is headquartered in California.

## Venue

10. Venue lies here pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district. Among other things, Plaintiff resides in Monterey County, Plaintiff requested or received an extension of credit from Defendant in Monterey County, Defendant failed to provide Plaintiff with the requisite adverse action notice in Monterey County, and Plaintiff suffered harm in Monterey County.

## Intradistrict Assignment

11. This action arises in the County of Monterey and is not excluded from the division-specific venue rule, so it should be assigned to the San Jose Division pursuant to Civil L.R. 3-2(c).

## General Allegations

12. Originally enacted in 1974 to prohibit discrimination in credit transactions, the ECOA was amended in 1976 to require creditors to provide applicants with written notice when adverse action was taken against them regarding their credit. The notice requirement is intended to discourage discriminatory practices, provide consumers with a "valuable educational benefit," and allow for the correction of errors "where the creditor may have acted on misinformation or inadequate information." *Tyson v. Sterling Rental, Inc.*, 836 F.3d 571, 576 (6th Cir. 2016) (quoting *S. Rep.* No. 94–589, at 4 (1976)).

13. The ECOA authorizes the Consumer Financial Protection Bureau ("CFPB") to issue regulations "to carry out the [ECOA's] purposes." 15 U.S.C. § 1691b(a). Under this authority, the CFPB issued regulations that are collectively known as Regulation B. 12 C.F.R. §

1002.1(a).

14. The adverse action notice requirement is set forth at 15 U.S.C. § 1691(d), which provides in relevant part:

> (2) Each applicant [for credit] against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by—
>
> (A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or
>
> (B) giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request.
>
> (3) A statement of reasons meets the requirements of this section only if it contains the specific reasons for the adverse action taken.

15. Regulation B provides that "a creditor shall notify an applicant of action taken within: … (iii) 30 days after taking adverse action on an existing account…." 12 C.F.R. § 1002.9(a)(1).

16. The notice must include "a statement of specific reasons for the action taken" or "a disclosure of the applicant's right to a statement of specific reasons within 30 days, if the statement is requested within 60 days of the creditor's notification." 12 C.F.R. § 1002.9(a)(2).

17. The notice must also include:

   a. A statement of the action taken,

   b. The name and address of the creditor,

   c. A statement of the provisions of ECOA section 701(a), and

   d. The name and address of the Federal agency that administers compliance with respect to the creditor. 12 C.F.R. § 1002.9(a)(2).

18. Regulation B defines "applicant" as "any person who requests or who has received an extension of credit from a creditor…." 12 C.F.R. § 1002.2(e). Plaintiff had a credit card account with Defendant, so Plaintiff is an "applicant."

19. Regulation B defines "creditor" as "a person who, in the ordinary course of business, regularly participates in a credit decision, including setting the terms of the credit." 12 C.F.R. § 1002.2(l). Defendant regularly participates in credit decisions, including setting the terms of credit, in the ordinary course of business, so Defendant is a "creditor."

20. Regulation B defines "adverse action" as:

> (i) A refusal to grant credit in substantially the amount or on substantially the terms requested in an application unless the creditor makes a counteroffer (to grant credit in a different amount or on other terms) and the applicant uses or expressly accepts the credit offered;
>
> (ii) A termination of an account or an unfavorable change in the terms of an account that does not affect all or substantially all of a class of the creditor's accounts; or
>
> (iii) A refusal to increase the amount of credit available to an applicant who has made an application for an increase.

12 C.F.R. § 1002.2(c)(1). Regulation B also excludes several actions from the definition of "adverse action." 12 C.F.R. § 1002.2(c)(2).

21. Defendant terminated Plaintiff's credit card account in or about April 2017. Defendant's conduct is not excluded from the definition of "adverse action" under 12 C.F.R. § 1002.2(c)(2). Defendant thus took an "adverse action" against Plaintiff.

22. Defendant failed to provide Plaintiff with the written notification required by 15 U.S.C. § 1691(d) and 12 C.F.R. § 1002.9 within 30 days of taking an adverse action against Plaintiff on his credit card account or at all.

23. Defendant's violation of the ECOA denied Plaintiff the "pervasive and valuable educational benefit" that Congress found would come from knowing the reasons for Defendant's adverse action.

24. In failing to provide Plaintiff with the requisite written notice, Defendant acted in reckless disregard of the ECOA because the statute and Regulation B unambiguously required Defendant to provide Plaintiff with a compliant adverse action notice.

## Class Action Allegations

25. Defendant violated the ECOA in the same way against other persons similarly

situated to Plaintiff. Plaintiff therefore brings this action on behalf of the following class pursuant to Fed. R. Civ. P. 23(b)(2) and (3):

> All natural persons whose credit card account Golden 1 closed within the period beginning 5 years and 30 days before the filing of this action and ending 30 days before the date of class certification, who were not sent a written notification by Golden 1 within 30 days of the closure containing a statement of the action taken and either: (i) a statement of reasons for the closure, or (ii) a disclosure of the right to a statement of reasons for the closure.

26. The following individuals are excluded from the class:

    a. officers and directors of Defendant and its parents, subsidiaries, affiliates, and any entity in which Defendant has a controlling interest; and

    b. all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

27. Plaintiff reserves the right to modify or amend the definition of the proposed class before the Court determines whether certification is appropriate.

28. Class certification is appropriate because this action satisfies the applicable numerosity, commonality, typicality, adequacy, predominance, and superiority requirements.

29. <u>Numerosity</u>: The potential members of the class are so numerous that joinder of all the members of the class is impracticable. Plaintiff is informed and believe that there are at least hundreds of class members.

30. <u>Commonality</u>: There are questions of law and fact common to the class that predominate over any individualized questions, including but not limited to:

    a. Whether class members are "applicants" under the ECOA;

    b. Whether Defendant is a "creditor" under the ECOA;

    c. Whether Defendant's terminations of class members' credit card accounts constitute "adverse actions" under the ECOA;

    d. Whether Defendant provided class members with an adverse action notice containing the information required by the ECOA;

    e. Whether the class is entitled to an award of punitive damages under the ECOA; and

    f. Whether the class is entitled to injunctive relief halting Defendant's unlawful practices under the ECOA.

31. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the class in that Plaintiff and the other class members each: (a) had a credit card account with Defendant, (b) had that credit card account closed by Defendant, and (c) did not receive an adverse action notice containing the information required by the ECOA. Defendant's conduct is common to all class members and represents a common thread of conduct resulting in injury to all members of the class. Plaintiff has suffered the harm alleged and has no interests antagonistic to any other class member.

32. <u>Adequacy</u>: Plaintiff is a member of the class and will fairly and adequately represent and protect the interests of the class. Plaintiff's interests do not conflict with the interests of other class members. Furthermore, counsel for Plaintiff and the class are competent and experienced in class action litigation and consumer protection litigation. Plaintiff's counsel will fairly and adequately protect and represent the interests of the class.

33. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Class treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

34. <u>Rule 23(b)(2)</u>: In addition to a Rule 23(b)(3) class, a Rule 23(b)(2) class should be certified because Defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

**First Claim for Violation of the ECOA's Notice Requirement**
**(15 U.S.C. § 1691(d))**

35. Plaintiff incorporates the foregoing paragraphs as though repeated here.

36. Plaintiff and class members are each "applicants" under 12 C.F.R. § 1002.2(e)

1 because they received an extension of credit from Defendant.

2     37.    Defendant is a "creditor" under 12 C.F.R. § 1002.2(e) because it regularly participates in credit decisions, including setting the terms of credit, in the ordinary course of business.

    38.    Plaintiff and class members each had an "adverse action" taken against them by Defendant under 12 C.F.R. § 1002.2(c) in that Defendant terminated Plaintiff's and each class member's credit card account.

    39.    Defendant violated the EOCA by failing to provide Plaintiff and each class member with a notice of adverse action as required by 15 U.S.C. § 1691(d) and 12 C.F.R. § 1002.9 within 30 days terminating their credit card accounts.

    40.    Plaintiff and class members, having each suffered a violation of the ECOA and been deprived of the valuable educational benefits Congress intended ECOA's notice requirement to confer, are each "aggrieved applicants" under 15 U.S.C. § 1691e.

    41.    In committing the ECOA violations alleged herein, Defendant acted in reckless disregard of the ECOA, warranting imposition of punitive damages against Defendant under 15 U.S.C. § 1691e(b).

    42.    Defendant is continuing to engage in all of the unlawful conduct alleged herein so Plaintiff, class members, and the general public face continuing likelihood of future injury from Defendant's conduct.

## **Prayer for Relief**

WHEREFORE, Plaintiff, individually and on behalf of the class, prays for judgment as follows:

1. For punitive damages of up to $500,000 pursuant to 15 U.S.C. § 1691e(b) in an amount to be proven at trial;
2. For injunctive relief halting Defendant's unlawful practices pursuant to 15 U.S.C. § 1691e(c);
3. For attorneys' fees and costs of suit pursuant to applicable law including, without limitation, 15 U.S.C. § 1691e(d) and California Code of Civil Procedure § 1021.5;

and

4. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

VALERIAN LAW, P.C.

DATED: March 18, 2020

By: */s/ Dominic Valerian*
      Attorneys for Plaintiff
      Jeffrey Needleman

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial of all issues, claims, and causes of action so triable.

RESPECTFULLY SUBMITTED,

VALERIAN LAW, P.C.

DATED: March 18, 2020

By: */s/ Dominic Valerian*
　　Attorneys for Plaintiff
　　Jeffrey Needleman

**COMPLAINT**